UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JERRY TAVALE ESTEBAN,<br><br>        Petitioner,<br><br>  vs.<br><br>TERESER A. BANKS,<br><br>        Respondent. | No. CV 08-2851-AJW<br><br>MEMORANDUM AND ORDER DISMISSING PETITION WITHOUT PREJUDICE |

Petitioner filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, in which he claims that the Federal Bureau of Prisons ("BOP") has improperly calculated his sentence because it has failed to credit him with time served in California custody. [Points and Authorities in Support of Petition at 14-25]. On May 28, 2008, respondent filed a motion to dismiss the petition on the ground that petitioner has failed to exhaust available administrative remedies.

**Discussion**

Federal prisoners generally must exhaust administrative remedies prior to filing a habeas petition pursuant to 28 U.S.C. § 2241. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Fendler v.

United States Parole Comm'n, 774 F.2d 975, 979 (9th Cir. 1985). The exhaustion requirement, however, is not jurisdictional in section 2241 cases. Rivera v. Ashcroft, 394 F.3d 1129, 1139 (9th Cir. 2005). Rather, "[e]xhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the [petitioner], or where the administrative proceedings themselves are void." United Farm Workers of America v. Arizona Agr. Emp. Rel. Bd., 669 F.2d 1249, 1253 (9th Cir. 1982); see also Fraley v. United States Bureau of Prisons, 1 F.3d 924, 925 (9th Cir. 1993).

The BOP has established administrative remedy procedures which may be used by a federal prisoner to seek review of any aspect of his or her imprisonment. 28 C.F.R. § 542.10 et seq.; Nigro v. Sullivan, 40 F.3d 990, 992 (9th Cir. 1994). Under these procedures, a prisoner first attempts to informally resolve a complaint at the institution in which he or she is incarcerated. 28 C.F.R. § 542.13. Next, a prisoner

> complains to the warden (on a BP-9 form) and may appeal to the Bureau's Regional Director (on a BP-10 form). If the prisoner is not satisfied with the Regional Director's decision, the prisoner may appeal to the General Counsel's Office (on a BP-11 form). Appeals must be filed within established time limits. A prisoner must appeal to the Regional Director "within twenty (20) calendar days of the date of the warden's response" and to the General Counsel's Office "within thirty (30) calendar days from the date of the Regional Director's response."

1  Nigro, 40 F.3d at 992 (quoting 28 C.F.R. §§ 542.14 & 542.15).

2  Respondent has submitted the declaration of Jeff Vize ("Vize
3  Decl.") to establish nonexhaustion. [See Motion to Dismiss,
4  Declaration]. Mr. Vize is an Attorney Advisor employed by the BOP at
5  the Consolidated Legal Center in Los Angeles, California, which
6  provides legal services to USP Victorville. Mr. Vize states that a
7  review of the BOP's logs and records concerning administrative
8  remedies sought by inmates incarcerated within the federal
9  correctional system reveals that petitioner has not submitted any
10 administrative remedy requests during his incarceration with the BOP.
11 [Vize Decl. 1-4].

12 Petitioner concedes that he has not exhausted his administrative
13 remedies. [Points and Authorities in Support of Petition at 9-10].
14 Furthermore, although he alleges that the BOP "consistently" adopts a
15 position contrary to his claim for credits, he has not alleged or
16 shown that the BOP administrative remedies available to him would have
17 been inadequate, inefficacious, or futile with respect to obtaining a
18 proper calculation of his sentence, that his pursuit of those remedies
19 would have caused him irreparable injury,[1] or that any administrative
20 proceedings would have been void. See Saelua v. Woodring, 2008 WL
21 591046, *2 n. 6 (C.D.Cal. 2008) (holding that the futility exception
22 to the exhaustion requirement did not apply to claim for failure to
23 credit time served in state custody). To the contrary, computation of

---

[1] Petitioner seeks credit for approximately two years he spent in state custody. His current projected release date, presuming he earns all available good conduct credits, is January 6, 2015. Because his release date is not imminent, he would not suffer prejudice if he is required to seek relief through the available administrative procedures before obtaining federal habeas review.

3

the length of petitioner's sentence is precisely the type of claim that would benefit from exhaustion of administrative remedies. As the Ninth Circuit has explained:

> The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings.

Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984), cert. denied, 470 U.S. 1031 (1985) (quoting Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam)).

In the circumstances of this case, petitioner's failure to exhaust his administrative remedies constitutes a sufficient ground for dismissing the petition without prejudice to the filing of a new petition after he has exhausted his administrative remedies. Accordingly, the petition is dismissed without prejudice.

**It is so ordered.**

Dated: July 14, 2008

Andrew J. Wistrich
United States Magistrate Judge